

FILED

JUL 1 5 2004

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OPTHALMIC IMAGING SYSTEMS,
a California corporation,

                               NO. CIV. S-04-482 LKK/DAD

       Plaintiff,

   v.                         O R D E R

MARK FUKUHARA, an individual;
DOUGLAS BURLAND, an individual;
MICHAEL GERKOVICH, an individual;
STEVEN LEACH, an individual;
EDMUND PETERSON, an individual;
DAN SALOMON, an individual; JOE
SILVA, an individual; DALE BRODSKY,
an individual; EYEPICTURES, INC., a
Missouri corporation; JUSTICE
OPTHALMICS, INC., a Tennessee
corporation; ZETA DEVELOPMENT LABS,
INC., a Tennessee corporation; and
JOHNNY JUSTICE, JR., an individual,

       Defendants.
_____/

    Ophthalmic Imaging Systems ("OIS") filed this action alleging

misappropriation and infringement of its trade secrets, copyrights,

and proprietary information by a group of former employees and

their business affiliates doing business as Imaging Service Group
("ISG") and as other related entities.  This matter comes before
the court on defendants' motions to dismiss pursuant to Fed. R.
Civ. P. 12(b)(6) and 12(b)(2).[1]  I decide the motions on the basis
of the papers and pleadings filed herein and without oral argument.
See Local Rule 78-230(h).

## I.

## DEFENDANTS' 12(B)(6) MOTION

Defendants first move to dismiss the complaint pursuant to
Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint (1)
fails to allege a claim under the Copyright Act because no valid
copyright registration is alleged; (2) fails to state a claim for
false advertising under 15 U.S.C. § 1125(a) because it fails to
identify the false or misleading statements; (3) fails to allege
a claim under the Computer Fraud and Abuse Act, 18 U.S.C.
§ 1031(a)(4), because it does not allege that its computers were
"protected" within the meaning of the statute; and (4) fails to
state a basis for pendent jurisdiction once the above-described
federal claims are dismissed.

"Rather than oppose the arguments of the defendants as they
apply to the original complaint, [plaintiff] has prepared an
amended complaint that it believes resolves and disposes of all of

---

[1]  Before the court are two motions to dismiss, one brought
by defendants Dale Brodsky and Eyepictures, Inc. (the "Brodsky
defendants") and another brought by defendant Mark Fukuhara and all
other defendants (the "Fukuhara defendants").  For purposes of this
order, the court refers to both motions collectively unless
otherwise stated.

1 | the issues raised in the defendants' outstanding motions to
2 | dismiss."  Pl's Response and Oppo. to Mtn. to Dism. at 2.
3 | Plaintiff requests leave to file the amended complaint, and devotes
4 | the bulk of its "Response and Opposition" to explaining why the
5 | proposed amended complaint would be sufficient to withstand
6 | defendants' objections.  The court, of course, cannot resolve
7 | defendants' motions on the basis of the amended complaint, but must
8 | address the merits of the complaint as it currently stands.

9 | With respect to the issue of premature copyright registration,
10 | plaintiff effectively concedes that the original complaint failed
11 | to allege valid registration.  Plaintiff has submitted copies of
12 | certificates of copyright with effective dates of registration
13 | prior to the date of suit and requests leave to file an amended
14 | complaint alleging registration of its copyrights.  Accordingly,
15 | the copyright infringement claim will be dismissed with leave to
16 | amend.

17 | As with the copyright claim, plaintiff effectively concedes
18 | that its false advertising and Computer Fraud and Abuse Act
19 | allegations in the original complaint failed to state a claim and
20 | requests leave to amend to cure the deficiencies in the complaint.
21 | ////
22 | ////
23 | ////
24 | ////
25 | ////
26 | ////

3

1   Thus, the court will dismiss both claims with leave to amend.[2]

2       Finally, because the defects in plaintiff's federal claims may

3   be cured by amendment, the court concludes that it would be

4   inappropriate to decline supplemental jurisdiction over the state

5   law claims.

6                                   II.

7                       DEFENDANTS' 12(B)(2) MOTION

8       Defendants Johnny Justice, Justice Opthalmics, Inc., and

9   Michael Gerkovich move to dismiss for lack of personal jurisdiction

10  pursuant to Fed. R. Civ. P. 12(b)(2).  Plaintiff, in response,

11  relies entirely on allegations in the amended complaint in its

12  attempt to defeat the attack on personal jurisdiction.  There are

13  two problems with this approach, both of which would ordinarily

14  require the court to grant defendants' motion to dismiss with

15  prejudice.

16      First, because the proposed amended complaint is not properly

17  before the court, the court cannot consider its allegations for

18  purposes of the present motion.

19      Second, and more importantly, it is well-established that

20  "[w]hen a defendant moves to dismiss for lack of personal

21  ─────────────────

22      [2]  In their reply brief, the Fukuhara defendants contend that
    the false advertising claim, as amended in plaintiff's proposed
23  amended complaint, is still defective, citing <u>Cook, Perkiss and
    Liehe v. Northern California Collection Service</u>, 911 F.2d 242 (9th
24  Cir. 1990).  Because the amended complaint is neither properly
    before the court nor subject to the motion to dismiss, the court
25  cannot address this argument.  Defendants, however, indicate that
    they will likely file a Rule 12(b)(6) motion after the complaint
26  is amended.  Plaintiff should consider defendants' arguments and,
    if necessary, modify its amended complaint accordingly.

                                    4

1  jurisdiction, the plaintiff is 'obligated to come forward with
2  facts, by affidavit or otherwise, supporting personal
3  jurisdiction.'" Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.
4  1986).  "[Defendant's] motion to dismiss clearly challenged
5  personal jurisdiction over it, and the party asserting jurisdiction
6  has the burden of establishing its existence when challenged
7  . . . . [Plaintiff] could not simply rest on the bare allegations
8  of its complaint, but rather was obligated to come forward with
9  facts, by affidavit or otherwise, supporting personal
10 jurisdiction." Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,
11 551 F.2d 784, 787 (9th Cir. 1977); accord Dole Food Co., Inc. v.
12 Watts, 303 F.3d 1104, 1108 (9th Cir. 2002) (where personal
13 jurisdiction is challenged in a motion to dismiss, "plaintiff
14 cannot simply rest on the bare allegations of its complaint").
15 Plaintiff has entirely failed to meet its burden.

16     In their reply brief, the Fukuhara defendants contend that
17 allowing plaintiff to amend the complaint would make little
18 difference.  They argue that the allegations in the proposed
19 amended complaint are insufficient to support an assertion of
20 personal jurisdiction over the out-of-state defendants in this
21 action.  Because it is possible that defects with respect to
22 personal jurisdiction in the original complaint could be cured by
23 amendment, and because plaintiff has not had an opportunity to
24 respond to defendants' arguments with respect to the amended
25 complaint, the court will give plaintiff one last chance to
26 demonstrate the existence of personal jurisdiction in a

supplemental brief.  Should plaintiff again fail to come forward
with evidence sufficient to rebut defendants' motions, the out-of-
state defendants will be dismissed.

### III.

### CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

1.   Defendants' motions to dismiss are GRANTED IN PART and
DENIED in PART.  With respect to plaintiff's claims for copyright
infringement, false advertising, and violation of the Computer
Fraud and Abuse Act, the motion is GRANTED with leave to amend.
Plaintiff shall file its amended complaint not later than ten (10)
days from the effective date of this order.

2.   Plaintiff is GRANTED leave to file a supplemental brief
with respect to personal jurisdiction not later than fifteen (15)
days from the effective date of this order.  Plaintiff's brief
should be accompanied by evidence demonstrating the existence of
personal jurisdiction over the out-of-state defendants.  Unless
further argument is required, the matter will stand submitted
thereafter.

IT IS SO ORDERED

DATED:  July 13, 2004.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6

United States District Court
for the
Eastern District of California
July 15, 2004


* * CERTIFICATE OF SERVICE * *


2:04-cv-00482


Ophthalmic Imaging

    v.

Fukuhara

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  July 15, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.


       Mark Raymond Leonard           AR/LKK
       Davis and Leonard
       8880 Cal Center Drive
       Suite 180
       Sacramento, CA  95826

       Anthony J DeCristoforo
       Wilke Fleury Hoffelt Gould and Birney
       400 Capitol Mall
       22nd Floor
       Sacramento, CA  95814

       Daniel Patrick Maguire
       Law Offices of Daniel P Maguire
       423 E Street
       Davis, CA  95616

       Robert Lawrence Bragg
       Law Offices of Donald J Deshaw
       2730 Gateway Oaks Drive
       Suite 210
       Sacramento, CA  95833

Graham L W Day
PRO HAC VICE
Suelthaus PC
7733 Forsyth Boulevard
12th Floor
St Louis, MO  63105


                                        Jack L. Wagner, Clerk

                                   BY: _____
                                        Deputy Clerk