UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OPTHALMIC IMAGING SYSTEMS,
a California corporation,

        Plaintiff,

   v.

MARK FUKUHARA, an individual;
DOUGLAS BURLAND, an individual;
MICHAEL GERKOVICH, an individual;
STEVEN LEACH, an individual;
EDMUND PETERSON, an individual;
DAN SALOMON, an individual; JOE
SILVA, an individual; DALE BRODSKY,
an individual; EYEPICTURES, INC., a
Missouri corporation; JUSTICE
OPTHALMICS, INC., a Tennessee
corporation; ZETA DEVELOPMENT LABS,
INC., a Tennessee corporation; and
JOHNNY JUSTICE, JR., an individual,

        Defendants.

                    NO. CIV. S-04-482 LKK/DAD

                    O R D E R

    In the underlying action, plaintiff, Ophthalmic Imaging Systems ("OIS"), filed an action against a group of its former employees and their current business affiliates, alleging

1

copyright infringement, false advertising, violation of the Computer Fraud and Abuse Act, breach of contract, misappropriation of trade secrets, and interference with contracts.  Pending before the court is plaintiff's motion to dismiss all claims against defendant Zeta Development Labs, Inc. ("Zeta") under Fed. R. Civ. P. 41.  Defendant Zeta joins OIS' motion to dismiss claims against it.  Defendants Eyepictures, Inc. and Dale Brodsky oppose this motion.

**I.**

**BACKGROUND**

The court has repeatedly addressed the relevant allegations.  Nonetheless, they must be briefly adverted to here for the purpose of resolving the instant motion.

OIS, a corporation with its principal headquarters and place of business in Sacramento, California, manufactures digital ophthalmic imaging systems specially designed to photograph the human eye.  OIS asserts that a crucial source of its value and profitability lies in its trade secrets, which consist primarily of customer lists, manufacturing and design "know how," vendor information, and servicing "know how."  In order to preserve the confidentiality of its trade secrets, OIS requires all employees to sign confidentiality agreements which prohibit OIS employees from disclosing OIS' trade secrets.

In January 2002, defendant Mark Fukuhara, then the Vice President of Operations of OIS, was terminated and left OIS.

////

Over the next year, several more employees, including Michael Gerkovich, left OIS to join Fukuhara in a new business.  By late spring of 2002, OIS allegedly learned from certain of its customers that these former employees ("defendant employees") had formed a new business called Imaging Service Group, and that their business, at least in part, was providing service for customers of OIS' imaging systems.  The business was owned principally by defendants Dale Brodsky, Gerkovich, and another shareholder.  OIS claims that Gerkovich solicited business from its customers who were seeking service for their OIS imaging systems, and directed these customers to defendant's new business enterprise.

   At some point some part of defendant employees' business had been acquired by entities under the control of defendant Johnny Justice, Jr. ("Justice"), a resident of the state of Tennessee and one of the most prominent ophthalmic imaging specialists in the United States.  Justice is the 100% shareholder of defendant Zeta Development Labs, Inc. ("Zeta"), a Tennessee Corporation.  Zeta also does business under the Justice Diagnostic Imaging, Inc. name.  OIS alleges that Justice, and another company he owns, Justice Ophthalmics, Inc. (JOI) were placed on notice of OIS' belief that the defendant employees were misappropriating OIS' trade secrets and confidential information in 2003.

   On December 10, 2004, the court granted defendants' motion to dismiss for lack of personal jurisdiction as to defendant

Johnny Justice and Justice Ophthalmic Inc.

On October 10, 2005, defendant Zeta announced that it had entered into a settlement with the plaintiff. See Exs. A and B to Opp'n. Zeta is currently cooperating with plaintiff and has taken a position that is adverse to the remaining defendants.[1]

## II.

## VOLUNTARY DISMISSAL STANDARDS

OIS moves to voluntarily dismiss all its claims against Zeta pursuant to Fed. R. Civ. P. 41(a)(2).[2] Mot. at 2. The Rule provides district courts broad discretion to determine the appropriate terms and conditions for dismissal. Id. at 975. Nonetheless, a district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some "plain legal prejudice" as a result of the dismissal.[3] Smith v. Lenches, 263 F.3d 972, 975

---

[1] Johnny Justice states that he was told by Gerkovich that several former OIS employees conducted a "Saturday morning raid" at OIS sometime in 2002 after they had left employment at OIS. These former employees allegedly took various OIS parts, possibly sync boxes, digital cameras, and other equipment related to imaging systems. Justice Decl. at 1-2.

[2] A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule.

[3] Federal Rule of Civil Procedure 41(a)(2) provides:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the

4

1  (9th Cir. 2001)(citing <u>Waller v. Fin. Corp. of Am.</u>, 828 F.2d
2  579, 583 (9th Cir. 1987)); <u>see also</u> <u>Hamilton v. Firestone Tire &</u>
3  <u>Rubber Co.</u>, 679 F.2d 143, 145-46 (9th Cir. 1982).  Legal
4  prejudice means "prejudice to some legal interest, some legal
5  claim, some legal argument."  <u>Westlands Water Dist. v. United</u>
6  <u>States</u>, 100 F.3d 94, 97 (9th Cir. 1996).  Legal prejudice is
7  shown where actual legal rights are threatened or where the
8  opposing party demonstrates that it will suffer an unreasonable
9  or extreme burdens.  <u>Id</u>. " Uncertainty because a dispute remains
10 unresolved" or because "the threat of future litigation . . .
11 causes uncertainty" does not result in plain legal prejudice.
12 <u>Id</u>. at 96-97.  Moreover, plain legal prejudice does not result
13 merely because a defendant will be inconvenienced or where a
14 plaintiff would gain a tactical advantage by that dismissal.
15 <u>Hamilton</u>, 679 F.2d at 145.
16     The Ninth Circuit has also explained that a district court
17 "properly identified legal prejudice when dismissal rendered the
18 remaining parties unable to conduct sufficient discovery to
19 untangle complex fraud claims and adequately defend themselves
20 against charges of fraud."  <u>Id</u>. at 98 (citing <u>Hyde & Drath</u>, 24
21 F.3d 1162, 1169 (9th Cir. 1994)).
22 ////
23 ////

---

counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

5

### III.

### ANALYSIS

Plaintiff seeks to dismiss all claims against Zeta, one defendant among many, in this case involving alleged misappropriation of trade secrets. Two defendants, Dale Brodsky ("Brodsky") and Eyepictures, Inc. ("Eyepictures") oppose this motion. Defendants offer three arguments why they will suffer "plain legal prejudice" if this court dismisses Zeta from this suit. These arguments are unpersuasive.

**A.   VIOLATION OF FIRST RIGHT OF REFUSAL**

Eyepictures claims that the settlement between OIS and Zeta may potentially violate their right of first refusal under a May 2003 asset purchase agreement between Eyepictures and Zeta. As part of the settlement agreement, Zeta is transferring all of its documents, equipment, and evidence concerning imaging systems to OIS. Ex. B to Defs.' Opp'n. Defendants assert that it "appears" that the settlement has violated their Right of Refusal, but they cannot know for sure because "plaintiff's counsel has refused to allow either Mr. Brodsky or any other employee of Eyepictures, Inc. to examine the items transferred to the plaintiff." Opp'n at 4.

It is, to say the least, unclear to this court that a transfer of property which does not involve a sale but is pursuant to settlement of a lawsuit, would be a violation of a precedent right of first refusal. In any event, the remaining defendants have not briefed, much less demonstrated that

6

1 contention, apparently believing the proposition is self-
2 evident.

3     Moreover, from all that appears, any potential claims
4 related to a possible breach of right of first refusal would be
5 a suit for the breach of contract unrelated to plaintiff's claim
6 in the instant suit.  Put somewhat differently, from the showing
7 made by the parties, Eyepictures' complaint relates to the "the
8 threat of future litigation," which the Ninth Circuit has
9 explicitly held is "insufficient to establish plain legal
10 prejudice."  <u>Westlands</u>, 100 F.3d at 97 (citations omitted).

11 **B.   NO OPPORTUNITY TO INTERVIEW DALE BRODSKY OR JOHNNY JUSTICE**

12     Both Brodsky and Eyepictures contend that because Zeta and
13 Johnny Justice have provided plaintiff with information
14 supportive of plaintiff's claim and adverse to their defense.
15 They contend that if the dismissal is permitted, "[n]either
16 Eyepictures, Inc. nor Dale Brodsky will have an opportunity to
17 cross-examine Mr. Justice."  Opp'n at 3.  Defendants' argument
18 fails to demonstrate that they would suffer "plain legal
19 prejudice" as contemplated by the Ninth Circuit.

20     Nothing before the court suggests that defendants cannot
21 depose Justice.  Moreover, since the declaration is hearsay, to
22 prove its contents Justice must be called as a witness.  In such
23 an event, the defendants will have a full opportunity to cross
24 examine him.  While deposing a non-party may be somewhat more
25 inconvenient than deposing a party, mere inconvenience does not
26 amount to "plain legal prejudice."  <u>See</u> <u>Smith v. Lenches</u>, 263

7

1  F.3d 972, 976 (9th Cir. 2001).

2  **C.  OFFSET DEFENSE**

3       Finally, defendants argue that "[t]o the extent that any
4  monetary consideration was paid [in the settlement between Zeta
5  and OIS] . . . defendants would be entitled to an off-set in
6  this amount." Opp'n at 3.  They suggest that the defendants are
7  allegedly joint tortfeasors who would be "jointly and severally
8  liable to the plaintiffs for their claimed damages and
9  attorney's fees." Id.  They argue that they cannot tender this
10 affirmative defense because there were no facts available to
11 support this defense when their answer was due in 2004.

12      Plaintiff maintains that defendants are not prejudiced
13 because at any point they could allege the defense of offset and
14 can amend their answer after further discovery.  Repl. at 3.
15 Plaintiff also argues that dismissal of Zeta will not prejudice
16 defendants in terms of discovery should defendants seek to
17 conduct discovery on the issue of offset.  Plaintiff points out
18 that defendants could subpoena the settlement agreement and
19 documents to be produced at trial and can cross-examine OIS
20 witnesses.  Plaintiff's points are well-taken.
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

8

1    The decision to grant a voluntary dismissal is in the
2 discretion of the district court.  <u>Hamilton v. Firestone Tire &
3 Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir. 1982).  The court
4 concludes that because the defendants opposing dismissal have
5 failed to demonstrate "plain legal prejudice" will result,
6 plaintiff's motion to dismiss claims against Zeta corporation is
7 GRANTED.
8    IT IS SO ORDERED.
9    DATED:  December 15, 2005.

                                    /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

9